THE STATE v. FRANK W. BALDWIN AND ELMER N. POINSETT, DEFENDANTS.

Decided October 21, 1926.

**Crimes—Conspiracy—Indictment Charged Conspiracy, but Does Not Allege or Charge any Overt Act—Held, Indictment Must be Quashed.**

On rule for *certiorari.*

Before Justices BLACK and CAMPBELL.

For the rule, *Harry Heher.*

*Contra, William H. Geraghty* and *Walter D. Cougle.*

PER CURIAM.

This in an application for a writ of *certiorari* to review an indictment returned to the Mercer County Quarter Sessions Court, charging the defendants with a conspiracy to cheat and defraud C. Trevor Dunham, Incorporated, of certain moneys amounting to $1,536.90.

This particular attack upon the indictment is that while charging a conspiracy it does not allege or charge any overt act in the execution of such agreement.

In this particular we think the indictment is defective. So, it was held in *Wood* v. *State,* 47 *N. J. L.* 180, when the provision of the Crimes act were similar unto section 37 of the present act. 2 *Comp. Stat., p.* 1757.

A stipulation has been entered into by counsel that this court shall, on passing upon this application for a writ of *certiorari*, decide the meritorious question as to the validity of the indictment, and should the court decide that the indictment be quashed a writ of *certiorari* shall issue and judgment shall be 'entered quashing the indictment immediately upon making return to said writ, without further argument or consideration.

Our conclusion being that the indictment must be quashed, the proceedings as provided for the foregoing stipulation will be taken.